1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| | |
|---|---|
| BRUCE ANTHONY FOSTER,<br><br>                                   Plaintiff,<br><br>          v.<br><br>SAN DIEGO POLICE OFFICER BRADLEY,<br>ET AL.,<br><br>                                   Defendants. | Civil No.    05-CV-1621 L (CAB)<br><br>**ORDER RE PLAINTIFF'S *EX PARTE* APPLICATION FOR APPOINTMENT OF COUNSEL**<br>**[Doc. # 17]** |

17     This case was brought by Plaintiff Bruce Anthony Foster ("Plaintiff" or "Foster"), a state

18 prisoner proceeding *pro se*, for violations of his civil rights under 42 U.S.C. §1983.  Plaintiff filed an *Ex*

19 *Parte* Application seeking appointment of counsel.  For the reasons below, Plaintiff's *Ex Parte*

20 Application is denied.

21     Plaintiff has not made the showing required for appointment of counsel in civil cases.  "[A]n

22 indigent's right to appointed counsel is that such a right has been recognized to exist only where the

23 litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services*

24 *of Durham County, N. C.*, 452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915(d), the district court has "the

25 discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d

26 1328, 1331 (9th Cir. 1986) (internal citation omitted).  "The court may appoint counsel under section

27 1915(d) only under 'exceptional circumstances.'" *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.

28 1991) (internal citation omitted).  "A finding of exceptional circumstances requires an evaluation of both

1   'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in

2   light of the complexity of the legal issues involved.'  Neither of these factors is dispositive and both

3   must be viewed together before reaching a decision." *Id.*  (internal citation omitted).

4          The reasons cited by Plaintiff are insufficient to necessitate appointment of counsel.  Plaintiff has

5   shown some possibility of success on the merits.  Plaintiff alleges that while he was riding his bicycle, a

6   police officer asked him to stop, found out that Plaintiff was out on parol, called for back-up, and then

7   beat Plaintiff.  Plaintiff received injuries and was denied medical attention.  (Complaint, p. 3).  Foster

8   provided a letter from the San Diego Office of the Chief of Police stating that upon a investigation into

9   his complaint, although some of his factual allegations were deemed unfounded, a finding of excessive

10  force was sustained.  (Pl.'s *Ex Parte* Appl. for Appointment of Counsel, Ex. B).

11         Plaintiff, however, has not demonstrated his inability to articulate his claims.  Foster claims that

12  he is "indigent, mentally and developmentally disabled," and has had to rely on his fellow inmates' help

13  in the prosecution of his case.  (Pl.'s *Ex Parte* Appl. for Appointment of Counsel, 1:23-27).  Plaintiff

14  takes medications for his mental condition.  (Decl. of Bruce Foster in Sup. of *Ex Parte* Application, ¶ 2).

15  The side effects of the medications "make it impossible for the Plaintiff to prosecute this civil action on

16  his own." *Id.*  Plaintiff, however, provides no evidence of the severity of his mental condition or the

17  negative side effects of his medication and the extent to which they affect his ability to prosecute his

18  case.  His filings in the case are well-organized, cogent and supported by exhibits, and it is hard for this

19  Court to judge how much of the credit goes to his inmates' assistance.

20          Further, the issues in the case are not so complex as to necessitate professional legal assistance.

21  The facts are straightforward and well defined in the Complaint.  Plaintiff alleges excessive force and

22  cruel and unusual punishment.

23          Finally, pleadings by *pro se* litigants are afforded certain lenience.  "In civil rights cases where

24  the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the

25  benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted).

26  This requirement of liberality applies to motions. *See Bernhardt v. Los Angeles County*, 339 F.3d 920,

27  925 (9th Cir. 2003) (internal citations omitted).  Therefore Plaintiff may be assured that his *pro se* status

28  will be taken into account by the Court reviewing his submissions.

1        Plaintiff also refers to the Court's "inherent power to order the Department of Corrections to

2   produce Plaintiff's mental health records for any further inquiry into this matter."  This reference is too

3   vague to be interpreted as a motion to compel production.  Plaintiff may, however, bring such a motion

4   if he so desires.

5        Accordingly, Plaintiff's *Ex Parte* Application for Appointment of Counsel is **DENIED** without

6   prejudice.

7        **IT IS SO ORDERED.**

8

9   DATED:  September 11, 2006

10

11            _____
    **HON. CATHY ANN BENCIVENGO**
    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

05-CV-1621 L (CAB)